# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-0109V
UNPUBLISHED

| | |
|---|---|
| CHRISTINE HEIL,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 2, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Scott William Rooney*, Nemes, Rooney, P.C., Farmington Hills, MI, for Petitioner.

*Joseph Adam Lewis*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On January 22, 2019, Christine Heil filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered right arm and shoulder pain caused-in-fact by the influenza ("flu") vaccine she received on February 11, 2016. Petition at 1, ¶¶ 6, 32. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 25, 2022, I issued a ruling on entitlement, finding Petitioner entitled to compensation for her SIRVA. On April 29, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $51,294.00, representing $50,000.00 for her past pain and suffering and $1,294.00 for her past out-of-pocket medical and related expenses. Proffer at 2. In the Proffer, Respondent

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all Section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>51,294.00</u>, representing $50,000.00 for her actual pain and suffering and $1,294.00 for her actual unreimbursable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                **s/Brian H. Corcoran**
                                                Brian H. Corcoran
                                                Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CHRISTINE HEIL, | )<br>)<br>) |
| Petitioner, | ) No. 19-109V   ECF<br>) |
| v. | ) Chief Special Master Corcoran<br>) |
| SECRETARY OF HEALTH<br>AND HUMAN SERVICES, | )<br>)<br>) |
| Respondent. | )<br>) |

## PROFFER ON AWARD OF COMPENSATION[1]

### I.   Procedural History

On January 22, 2019, Christine Heil ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34. Petitioner alleges that she suffered right arm and shoulder pain that was caused-in-fact by the influenza ("flu") vaccine she received on February 11, 2016. Petition at 1. On April 30, 2020, respondent filed his Rule 4(c) Report setting forth his objections to compensation. ECF No. 48. On July 27, 2021, respondent filed a motion for a ruling on the record, requesting that petitioner's claim be dismissed because petitioner failed to establish that the onset of her pain began within forty-eight hours of vaccination, or that she suffered the residual effects of her injury for more than six months. ECF No. 66. On September 10, 2021, petitioner filed her response to respondent's motion, and respondent filed a reply on October 1, 2021. ECF Nos. 69 and 70. On January 25, 2022, the Chief Special Master issued

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the damages decision is issued.

findings of fact and a ruling on entitlement, finding that petitioner was entitled to compensation for a SIRVA Table injury.[2]  ECF No. 76.

## II.     Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$51,294.00** for all damages, including $50,000.00 representative of past pain and suffering and $1,294.00 representative of out-of-pocket medical and related expenses. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## III.    Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following:  A lump sum payment of **$51,294.00** in the form of a check payable to petitioner.[3]  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

---

[2] Respondent has no objection to the amount of the proffered award of damages set forth herein.  Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's January 25, 2022 ruling on entitlement.

[3] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

                                               C. SALVATORE D'ALESSIO
                                               Acting Director
                                               Torts Branch, Civil Division

                                             HEATHER L. PEARLMAN
                                               Deputy Director
                                               Torts Branch, Civil Division

                                             DARRYL R. WISHARD
                                               Assistant Director
                                             Torts Branch, Civil Division

                                             s/ *Joseph A. Lewis*
                                             JOSEPH A. LEWIS
                                             Trial Attorney
                                             Torts Branch, Civil Division
                                             U.S. Department of Justice
                                             P.O. Box 146,
                                             Benjamin Franklin Station
                                             Washington, D.C. 20044-0146
                                             T: (202) 451-7495
                                             E: joseph.a.lewis@usdoj.gov

DATED: April 29, 2022